JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA MAE GARRETT; D.L., a minor, by and through his Guardian ad Litem, HENRY LEONARD; K.L., a minor, by and through her Guardian ad Litem, HENRY LEONARD; HENRY LEONARD,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his capacity as Chief of Police for the CITY OF VALLEJO; BRIAN BATES, individually, and in his capacity as a police officer for the CITY OF VALLEJO; BOBBY KNIGHT, individually and in his capacity as a police officer for the CITY OF VALLEJO;; and, DOES 1-25, inclusive,<br><br>Defendants.<br>_____ / | Case No. 2:05 CV 00387 FCD DAD<br><br>**FIRST-AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**<br><br>**JURY TRIAL DEMANDED** |

JURISDICTION

1.  This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Vallejo, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, GEORGIA MAE GARRETT ("GARRET"), is readily recognizable as an African-American female and was at all times herein mentioned a citizen of the United States residing in the City of Vallejo in California.

3. Plaintiff herein, D.L. ("D.L."), is a minor represented herein by his father and Guardian Ad Litem, HENRY LEONARD. D.L. is readily recognizable as an African-American male and was at all times herein mentioned a citizen of the United States residing in the City of Vallejo in California.

4. Plaintiff herein, K.L, ("K.L."), is a minor represented herein by her father and Guardian Ad Litem, HENRY LEONARD. K.L. is readily recognizable as an African-American female and was at all times mentioned herein a citizen of the United States residing in the City of Vallejo in California.

5. Plaintiff herein, HENRY LEONARD, is readily recognizable as an African-American male and was at all times herein mentioned a citizen of the United States residing in the City of Vallejo, California.

6. Defendant City of VALLEJO ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. The City operates under its authority the Vallejo Police Department.

7. At all times mentioned herein, Defendant ROBERT NICHELINI ("NICHELINI") was employed by Defendant CITY as the Chief of Police for the Vallejo Police Department. He is being sued in his official capacity as Chief of Police for the City.

8. At all times mentioned herein, Defendant Officer BRIAN BATES ("BATES") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

9. At all times mentioned herein, Defendant officer BOBBY KNIGHT ("KNIGHT") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

10. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

11. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

12. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

## STATEMENT OF FACTS

13. On the afternoon of February 22, 2004, Minor Plaintiff D.L., who was thirteen years old at the time, walked with a friend of his down Echo Summit, close to Minor Plaintiff's home on Kennison Court, in Vallejo California. Minor Plaintiff is a high school student with good grades and has no history of any criminal activity, much less any significant contact with police officers.

14. A police officer drove his patrol car next to Minor Plaintiff D.L. and stopped both D.L. and his friend, who was also a minor. The officer grabbed both minors by an arm and began questioning them regarding a cellular phone. Minutes later, another VALLEJO patrol car driven by Defendant Officer BATES arrived. Defendant Officer BATES' patrol car was a K-9 unit, and he had a trained police dog in his vehicle. Defendant Officers backed D.L. and his friend against one of the patrol vehicles as they continued to question them.

15. Plaintiff HENRY LEONARD, who is D.L.'s father, and Plaintiff GARRETT, who is D.L.'s mother, were inside their home nearby on Kennison Court when they learned that their son had been stopped by Defendant Officers. Plaintiff LEONARD had been watching a Lakers

basketball game while Plaintiff GARRETT had been washing her hair. Plaintiff GARRETT and Plaintiff LEONARD have been a couple since approximately 1989.

16. The day was sunny, a respite from the typical winter weather, and the door to the house had been open. Minor Plaintiff D.L. had left the house approximately fifteen minutes before the officers stopped him. Minor Plaintiff K.L., who is D.L.'s sister and who was eleven years old at the time, was at a next door neighbor's house. Minor Plaintiff K.L. saw that Defendant Officers had stopped her brother, and ran home to tell her parents that police had detained them.

17. Plaintiff LEONARD quickly approached the officers and told them that he was D.L.'s father. He asked the officers what his son had done. Plaintiff GARRETT had run to the porch, but had shampoo in her eyes. She ran back in the house to wash the shampoo from of her eyes. She immediately returned and ran to the sidewalk near the scene of the incident.

18. When Plaintiff LEONARD arrived at the scene, Defendant Officer BATES appeared to be studying a cellular phone, while the other Defendant Officer appeared to be speaking into his microphone. Defendant Officer BATES told Plaintiff LEONARD to back up. Mr. Leonard stepped back and again asked Defendant Officer BATES what the problem was.

19. Immediately, without any further warning, and to Plaintiff LEONARD's complete shock, Defendant Officer BATES struck him viciously in the chest. Officer BATES swung at Plaintiff LEONARD again, this time with his nightstick. Minor Plaintiff D.L. was present next to the officer and witnessed the officer's unprovoked attack on his father. Minor Plaintiff K.L. also saw the attack upon her father.

20. Defendant Officer KNIGHT then sprayed pepper-spray at Plaintiff LEONARD. Plaintiff LEONARD turned his head and the noxious spray stung the side of his face and his left eye. Defendant Officer KNIGHT belatedly ordered Plaintiff LEONARD to get on the ground and told him that he was under arrest. Plaintiff LEONARD had committed no crime and suffered shock and terror at the Defendant Officers' conduct. Fearing the officers, Plaintiff LEONARD turned and ran for approximately half a block. Defendant Officer KNIGHT yelled out at Plaintiff LEONARD as he pursued him, "You ain't gonna win! You ain't gonna win!" as if this were some kind of game.

21. Plaintiff LEONARD stopped behind a parked car and attempted to communicate with the officers. He then ran almost in circles as Defendant Officer KNIGHT repeatedly swung his nightstick at him. Plaintiff LEONARD told the officer "That's my son." Plaintiff LEONARD fell down and placed his hands behind his back. Defendant Officer KNIGHT handcuffed him. Despicably, Defendant Officer KNIGHT then struck Plaintiff LEONARD several times with his nightstick. Even so, Plaintiff LEONARD never fought back.

22. By this time, Plaintiff GARRETT returned from rinsing her hair and eyes. She saw Mr. LEONARD lying on the ground. She watched in horror and disbelief as Defendant Officer KNIGHT repeatedly struck Plaintiff LEONARD with his nightstick even though Plaintiff LEONARD offered no resistance. Plaintiff GARRETT asked why the officer was hitting Plaintiff LEONARD.

23. Defendant Officer BATES had removed his K-9 police dog from his patrol vehicle by this time. Plaintiff GARRETT had stopped on the sidewalk facing the officer who beat Plaintiff LEONARD. Ms. GARRETT's back was to Defendant Officer BATES and his police dog.

24. Defendant Officer BATES ran a few yards holding his dog's leash, but then, likely because he lost control of the dog, he dropped the dog's leash. The K-9 police dog ran up to Plaintiff GARRETT and bit her on the back of her left leg, just below the hamstring. Plaintiff GARRETT screamed "He's biting me!" Defendant Officer BATES gave the dog no immediate verbal commands. Instead, he grabbed the dog's leash and pulled on it, even though the dog's jaw was clamped on Plaintiff GARRETT's leg.

25. Plaintiff GARRETT fell to the ground, and eventually the dog released her leg after Defendant Officer BATES hit its head twice. White flesh tissue hung out from Plaintiff GARRETT's torn black sweatpants.

26. Defendant Officer BATES then ran with his police dog to where Plaintiff LEONARD lay on the ground handcuffed. Fortunately, the dog did not attack Plaintiff LEONARD.

27. Defendant Officer KNIGHT then told Plaintiff LEONARD that they had not intended to arrest Minor Plaintiff D.L. But, he told Plaintiff LEONARD, now that he had "done this", they

were going to arrest his son for robbery. Minor Plaintiff D.L. was arrested and taken to juvenile hall, for alleged robbery of a cellular phone. The charges were never substantiated.

28. Plaintiff LEONARD was then arrested, even though he committed no crime. Those charges were dismissed in July 2005, nearly one and a half years after this incident.

29. Minor Plaintiff D.L. and K.L. witnessed the assault and battery on their father, Plaintiff LEONARD, as well as the egregious failure by Defendant Officer BATES to use any reasonable care in handling his K-9 police dog. The failure of Defendant Officer BATES to use reasonable care in handling his police dog was the proximate legal and factual cause of Plaintiff GARRETT's damages caused by the dog bite. All plaintiffs suffered shock and distress at witnessing the wrongful arrest of D.L., the beating and wrongful arrest of Plaintiff LEONARD, and the biting of Plaintiff GARRETT.

30. Plaintiff GARRETT was transported from the scene by ambulance to Kaiser Hospital in Vallejo where she underwent surgery to repair damage proximately caused by the dog bite. As a result, Plaintiff GARRETT was unable to return to her job for several weeks.

31. The detention, search, and arrest of Minor Plaintiff D.L. and Plaintiff HENRY LEONARD described herein was done without any just provocation or cause, proximately causing Minor Plaintiffs D.L's, K.L.'s, and Plaintiff's LEONARD's and GARRETT'S injuries and resulting damages. The use of force against Plaintiffs LEONARD and GARRETT was without any just provocation or cause, proximately causing Plaintiffs LEONARD's and GARRETT's, and Minor Plaintiffs D.L.'s and K.L.'s damages.

## DAMAGES

32. As a proximate result of Defendants' conduct, Plaintiffs suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of their sense of security, dignity, and pride as United States citizens.

33. Minor Plaintiff D.L. was assaulted, detained, handcuffed, illegally searched in the anus in public, and falsely arrested by the defendant officers noted herein without any just provocation or probable cause. Minor Plaintiff D.L. also suffered severe emotional distress

proximately caused by Defendant Officer BATES' negligent failure to control his K-9 police dog which attacked his mother.

34. Minor Plaintiff K.L. suffered severe emotional distress proximately caused by witnessing the wrongful arrest of her brother, Minor Plaintiff D.L., the wrongful use of excessive force against and false arrest of her father, Plaintiff LEONARD, and the attack and biting of her mother, Plaintiff GARRETT, proximately caused by Defendant Officer BATES negligent failure to control his K-9 police dog.

35. Plaintiff GARRET suffered severe physical and emotional distress injuries and damages proximately caused by the negligent failure of Defendant Officer BATES to control his K-9 police dog. All plaintiffs suffered severe emotional distress proximately caused by witnessing the misconduct described herein against their close family-members who are plaintiffs.

36. Plaintiff LEONARD suffered severe physical and emotional distress injuries and damages proximately caused by the wrongful use of excessive force against him by defendant officers, and wrongful arrest causing him to face false criminal charges for nearly one and a half years before the charges were dismissed.

37. The conduct of defendant officers was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said defendant CITY police officers.

38. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of their civil rights.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendants BATES, KNIGHT and DOES 1-10)

39. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 38 of this Complaint.

40. In doing the acts complained of herein, Defendants BATES, KNIGHT and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, ROBERT NICHELINI, and DOES 11-25)

41. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 40 of this Complaint.

42. Plaintiffs are informed and believe and thereon allege that high ranking City of Vallejo officials, including high ranking police supervisors, such as Defendant NICHELINI, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendants BATES. KNIGHT, and DOES 1-10, and/or each of them.

43. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants NICHELINI, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

44. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants BATES, KNIGHT and DOES 1-10, and/or each of them, Defendant NICHELINI, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiffs' rights as alleged herein.

45. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Vallejo officials, including high ranking City of Vallejo Police Department supervisors, Defendants NICHELINI, DOES 11-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

46. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY OF VALLEJO)

47. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 43 of this Complaint.

48. As against Defendant CITY, Defendant NICHELINI and/or DOES 11-25 in his/their capacity as official policy-maker(s) for the CITY OF VALLEJO, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF VALLEJO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

49. Plaintiffs are further informed and believe and thereon allege that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, NICHELINI, DOES 11-25, and each of them, to repeated acts of police misconduct, which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant NICHELINI, DOES 11-25, and each of them.

50. The injuries and damages to Plaintiffs as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant NICHELINI, DOES 11-25, and each of them.

51. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant VALLEJO Police Department.

52. Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant NICHELINI, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant BATES, KNIGHT and DOES 1-10, and/or each of them.

53. The aforementioned customs, policies or practices of Defendant CITY, Defendant NICHELINI, DOES 11-25, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

    e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

54. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Assault and Battery)
(Against Defendants BATES, KNIGHT, and DOES 1-10)

55. Minor Plaintiff D.L. and Plaintiffs GARRETT and LEONARD reallege and incorporate by reference herein paragraphs 1 through 49 of this Complaint.

56. Defendants BATES, KNIGHT and DOES 1-10, inclusive, placed Minor Plaintiff D.L. in immediate fear of bodily harm by handcuffing him without any just provocation or cause. Defendant BATES placed Plaintiff GARRETT in immediate fear of severe bodily harm or death by allowing his K-9 police dog to attack and bite her without any just provocation or cause. Defendant BATES and KNIGHT placed Plaintiff LEONARD in immediate fear of severe bodily harm or death by using excessive force against him in beating him without just provocation or cause.

57. These defendants' conduct was neither privileged nor justified under statute or common law.

58. As a proximate result of defendants' conduct, Minor Plaintiff D.L. and Plaintiffs GARRETT and LEONARD suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(False Arrest and Imprisonment)
(Against Defendants BATES, KNIGHT and DOES 1-10)

59. Minor Plaintiff D.L. and Plaintiff LEONARD reallege and incorporates by reference herein paragraphs 1 through 58 of this Complaint.

60. Defendants BATES, KNIGHT and DOES 1-10, inclusive, falsely imprisoned and arrested these Plaintiffs without probable cause. Plaintiffs had not committed any crime, and there

was no basis upon which defendants could have reasonably believed that plaintiffs had committed any crime.

61.  Defendants BATES, KNIGHT and DOES 1 through 10, inclusive, failed to observe proper procedures in falsely arresting and imprisoning Plaintiffs without probable cause. These defendants exceeded the limits of their authority as police officers in falsely imprisoning these plaintiffs without probable cause and in any force used against said plaintiffs to effect the false arrest.

62.  As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants BATES, KNIGHT, and DOES 1-10)

63.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 62 of this Complaint.

64.  The conduct of Defendants BATES, KNIGHT and DOES 1 through 10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

65.  As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress. Therefore, Plaintiffs are entitled to an award of punitive damages as against said defendants. Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SEVENTH CAUSE OF ACTION

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 13
Case No. 2:05 CV 00387 FCD DAD

(Negligent Infliction of Emotional Distress)
(Against Defendants BATES, KNIGHT and DOES 1-10)

66. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 65 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

67. The wrongful conduct of Defendants BATES, KNIGHT and DOES 1 through 10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiffs.

68. As a proximate result of Defendants' negligent conduct, Plaintiffs have suffered severe emotional and mental distress, having a traumatic effect on Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants BATES, KNIGHT and DOES 1-10)

69. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 68 of this complaint.

70. Plaintiff are informed and believe and thereon allege that the conduct of Defendants BATES, KNIGHT and DOES 1 through 10, inclusive, as described herein, was motivated by racial prejudice against Plaintiffs. Plaintiffs are and were readily recognizable as African-American. In engaging in such conduct, Defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against them because of their race.

71. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

72. As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants BATES, KNIGHT and DOES 1-10)

73 Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 72 of this Complaint.

74 The conduct of Defendants BATES, KNIGHT and DOES 1 through 10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiffs' exercise and enjoyment of their civil rights, through use of wrongful and excessive force.

75. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth herein.

76 Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiffs pursuant to respondeat superior.

77. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

### TENTH CAUSE OF ACTION
(Negligence)
(Against Defendants BATES, KNIGHT, and DOES 1-10)

78. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 77 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

79  At all times herein mentioned, Defendants BATES, KNIGHT and DOES 1 through 10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

80. As a proximate result of Defendants' negligent conduct, Plaintiffs suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

ELEVENTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendants CITY, NICHELINI, and DOES 11-25)

81. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 80 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

82. At all times herein mentioned, defendant CITY, by and through its supervisory employees and agents, NICHELINI, and DOES 11-25, inclusive, has and had a mandatory duty of

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 16
Case No. 2:05 CV 00387 FCD DAD

care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, NICHELINI, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injury to said plaintiff. CITY, NICHELINI, and DOES 11-25, inclusive, breached their duty of care to citizens in that CITY, NICHELINI, and DOES 11-25, inclusive, failed to adequately train its police officers, including Defendants BATES, KNIGHT and DOES 1-10, inclusive, in the proper and reasonable use of force, the proper and reasonable making of arrests, treating citizens in a manner that is not racially discriminatory, and the proper control and use of K-9 police dogs, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, treating citizens in a manner that is not racially discriminatory, and the proper control and use of K-9 police dogs. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by CITY, the continuing failure to make proper and reasonable arrests by police officers employed by CITY, continuing racially discriminatory behavior towards citizens by police officers employed by the CITY, and continuing failure to properly control and use K-9 police dogs.

83. As a proximate result of defendants CITY, NICHELINI, and DOES 11-25, inclusive's negligent conduct, plaintiffs suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

84.    Plaintiffs hereby demand a jury trial in this action.

# PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $2,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief enjoining Defendant CITY OF VALLEJO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
6. For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

Dated: March 9, 2005

The Law Offices of John L. Burris

_____
Ben Nisenbaum, Esq.
Attorneys for Plaintiff